UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYLER SANDERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:22-cv-02324-JPH-KMB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Tyler Sanders's motion for
relief pursuant to 28 U.S.C. § 2255. Dkt. 1. For the reasons explained in this
Order, Mr. Sanders's motion is **denied** without an evidentiary hearing and the
Court finds that a certificate of appealability shall not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which
a federal prisoner can challenge his conviction or sentence. *See Davis v. United
States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal
conviction or sentence pursuant to § 2255 "upon the ground that the sentence
was imposed in violation of the Constitution or laws of the United States, or that
the court was without jurisdiction to impose such sentence, or that the sentence
was in excess of the maximum authorized by law, or is otherwise subject to
collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only
in extraordinary situations, such as an error of constitutional or jurisdictional
magnitude or where a fundamental defect has occurred which results in a

1

complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

Not every petitioner who seeks relief pursuant to § 2255 is entitled to an evidentiary hearing. *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004). A hearing is unnecessary when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court "need not hold an evidentiary hearing 'if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific.'" *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)). A court should conduct an evidentiary hearing "when the petitioner alleges facts that, if proven, would entitle him to relief." *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) (quotation marks omitted).

## II. Factual and Procedural Background

On August 26, 2020, Mr. Sanders was charged by indictment with armed robbery under the Hobbs Act in violation of 18 U.S.C. § 1951(a) (Count 1) and using a firearm during and in relation to the armed robbery in violation of 18 U.S.C. § 924(c) (Count 2). *United States v. Sanders*, No. 1:20-cr-00196-JPH-MJD, dkt. 14 at 1-2 (hereinafter "Crim. Dkt."). Count 1 also alleged that Mr. Sanders acted "along with others known to the Grand Jury, aiding and abetting one another" and that Mr. Sanders brandished a firearm in violation of 18 U.S.C. § 2.

The Court appointed attorney Howard Bernstein to represent Mr. Sanders.
Crim. Dkt. 22. On June 10, 2021, Mr. Sanders entered a plea agreement to plead
guilty as charged. Crim. Dkt. 33. In part, the factual basis in the guilty plea
stated:

> Gaston, Sanders, and the juvenile male exited Miller's
> vehicle and entered the Verizon store. Gaston and
> Sanders carried handguns into the store and
> brandished them during the robbery. Sanders was
> carrying a Glock 9mm handgun with extended
> magazine. One of the victims was struck in the back of
> the head with a firearm while the robbers were trying to
> gain entry into the safe. A few minutes later, the three
> males exited the store carrying trash bags filled with cell
> phones . . . .

Crim dkt. 33 at 10. The Court accepted Mr. Sanders's guilty plea, Crim. Dkt. 38,
and sentenced Mr. Sanders to 14 months' imprisonment on Count 1 and 84
months on Count 2, to be served consecutively, for a total sentence of 98 months'
imprisonment. Crim. Dkt. 49; 50 (judgment entered December 3, 2021).

On December 2, 2022, Mr. Sanders filed this action under 28 U.S.C.
§ 2255, alleging that Mr. Bernstein provided ineffective assistance of counsel.
Dkt. 1; dkt. 2. The United States filed a response, and Mr. Sanders did not file a
reply.

### III. Discussion[1]

A petitioner claiming ineffective assistance of counsel bears the burden of
showing (1) that counsel's performance fell below objective standards for

---

[1] The Court need not address the government's argument that Mr. Sanders's claims
other than ineffective assistance of counsel are waived in the plea agreement, dkt. 14
at 12–13, because Mr. Sanders expressly raises only ineffective assistance of counsel,
*see* dkt. 1; dkt. 2.

reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 688–94 (1984); *United States v. Jones,* 635 F.3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

In the context of a conviction resulting from a guilty plea, the plea "cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel." *Hurlow v. United States,* 726 F.3d 958, 967 (7th Cir. 2013). A petitioner who has pled guilty can establish prejudice only by demonstrating "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). For this reason, "[t]he nature of relief secured by a successful collateral challenge to a guilty plea [is] an opportunity to withdraw the plea and proceed to trial." *Padilla v. Kentucky,* 559 U.S. 356, 372–73 (2010). Additionally, "the strong societal interest in finality has 'special force with respect to

convictions based on guilty pleas . . . .'" *Lee v. United States*, 582 U.S. 357, 368-69 (2017) (quoting *United States v. Timmreck*, 441 U.S. 780, 794 (1979)).

Here, Mr. Sanders mistakenly characterizes his Hobbs Act Robbery conviction as a conspiracy conviction and argues that Mr. Bernstein should have advised him before he pled guilty that conspiracy to commit Hobbs Act Robbery is not a "crime of violence" and therefore cannot support a conviction under 18 U.S.C. § 924(c). That statute defines "crime of violence" as a felony that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is known as the "elements clause" and subsection (B) is known as the "residual clause." *Davis v. United States*, 588 U.S. 445, 449 (2019). In *Davis*, the Supreme Court held that the "residual clause" was unconstitutionally vague and on that basis vacated the defendants' convictions under § 924(c) that were based on conspiracy to commit Hobbs Act Robbery. *Id.* at 470. Later, in *United States v. Taylor*, 596 U.S. 845, 860 (2022), the Supreme Court held that attempted Hobbs Act Robbery is not a "crime of violence" under the "elements clause," and so cannot serve as a predicate offense at all under 18 U.S.C. § 924(c).

*Davis* and *Taylor* do not apply here because Mr. Sanders wasn't charged with or convicted of conspiracy to commit Hobbs Act Robbery or attempted Hobbs Act Robbery. Instead, he was charged with and pled guilty to having

committed a Hobbs Act Robbery. Crim. Dkt. 14 (Indictment); 33 (Plea Agreement; 50 (Judgment).  As detailed in the factual basis in support of the guilty plea and the offense conduct section of the pre-sentence investigation report, Mr. Sanders "was carrying a Glock 9mm handgun with an extended magazine" when he entered the store and brandished it during the robbery.  Crim. Dkt. 33 at 10 ¶ 23.d; 42 at 5 ¶ 10; 60 at 12–13 (change-of-plea transcript).

The apparent source of Mr. Sanders's confusion is that Count 1 of the indictment also lists 18 U.S.C. § 2, which simply makes liability for accomplices coextensive to liability of principals. Dkt. 14 at 2. Put differently, under 18 U.S.C. § 2, it doesn't matter when determining guilt for a criminal offense whether the defendant committed the crime "as a principal" or helped someone else commit the crime, as long as "the underlying crime (here, Hobbs Act robbery) 'was actually committed.'" *United States v. Worthen*, 60 F.4th 1066, 1069-70 (7th Cir. 2023), *cert. denied*.  Here, there's no dispute that the Hobbs Act robbery at issue "was actually committed" because Mr. Sanders *was* the person who committed the crime.

In *Worthen*, the Seventh Circuit squarely held that *Taylor* does not apply in this situation, explaining that "because the principal offense of Hobbs Act robbery satisfies the force clause of § 924(c), aiding and abetting a Hobbs Act robbery qualifies as a crime of violence too. *Id.* at 1069-70 (internal citations omitted). Every circuit that has addressed this issue has come to the same conclusion as *Worthen*. *See Rojas-Tapia v. United States*, 130 F.4th 241, 254–55 (1st Cir. 2025); *Medunjanin v. United States*, 99 F.4th 129, 135 (2d Cir. 2024)

(per curiam); *United States v. Stevens*, 70 F.4th 653, 662 (3d Cir. 2023); *United States v. Draven*, 77 F.4th 307, 316-18 (4th Cir. 2023); *United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023); *Nicholson v. United States*, 78 F.4th 870, 880 (6th Cir. 2023); *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (per curiam); *United States v. Eckford*, 77 F.4th 1228, 1236-37 (9th Cir. 2023); *United States v. Deiter*, 890 F.3d 1203, 1214-16 (10th Cir. 2018); *United States v. Wiley*, 78 F.4th 1355, 1363-65 (11th Cir. 2023); *United States v. Smith*, 104 F.4th 314, 323 (D.C. Cir. 2024).

Because there was nothing to object to or advise Mr. Sanders about with respect to *Davis* and his firearm conviction, trial counsel was not ineffective. *See Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013) ("Counsel is not ineffective for failing to raise meritless claims.").

### IV.  Conclusion

For the reasons explained in this Order, Mr. Sanders is not entitled to relief on his § 2255 motion. He did not receive ineffective assistance of counsel. Moreover, no evidentiary hearing is required to address Mr. Sanders's argument.

Accordingly, Mr. Sanders's motion for relief pursuant to § 2255 is **DENIED**. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:20-cr-00196-JPH-MJD.** The motion to vacate, Crim. Dkt. [55], shall also be **terminated** in the underlying criminal action.

In addition, the **clerk is directed** to update Mr. Sanders's address on the docket as indicated below.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Sanders has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 5/19/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email

TYLER SANDERS
17566-028
FCI TERRE HAUTE
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808